UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY GENNADYEVICH VODIK (A#209-050-970),<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE,<br>Respondent. | No. 1:26-cv-09174-TLN-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural Background**

Petitioner is a native and citizen of Russia who entered the United States lawfully on November 25, 2015 on a B-2 visitor visa which expired on May 24, 2016. ECF No. 1 at 4, 6, 3 (Notice to Appear). He timely applied for asylum on May 19, 2016, which application remains pending. ECF No. 1 at 4. 6, 26. U.S. Citizenship and Immigration Services ("USCIS") approved Petitioner's work authorization initially on October 28, 2016 and renewed it on five separate occasions. ECF No. 1 at 6. While living in the community here in the United States, Petitioner was not convicted of any crimes and complied with immigration-related laws and regulations, including updating his address with immigration officials. Petitioner is not subject to an

administratively final order of removal.

Petitioner was detained by Immigration and Customs Enforcement ("ICE") on July 30, 2026 at the San Francisco International Airport. He was administratively charged with being removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. ECF No. 1 at 33 (NTA). He remains in immigration detention at Mesa Verde Detention Facility located in this jurisdiction.

Petitioner requested a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). The bond hearing was held on October 7, 2026. ECF No. 6 (Partial Digital Audio Recording). Apparently, the IJ denied Petitioner a bond because he is still in immigration detention.[1] ECF No. 6.

On November 6, 2026, Petitioner filed the pending § 2241 application challenging his detention as a violation of procedural due process. ECF No. 1. As required by the Court's Standing Order, Respondent was required to file an answer to the petition no later than November 13, 2026. ECF No. 3-2. The deadline to answer has expired and Respondent has not opposed the petition.

## II. Analysis

At the outset, the undersigned notes that Respondent did not file an opposition despite being warned that the failure to do so would be construed as a non-opposition to the petition. ECF No. 3-2 at 2 (citing E.D. Cal. Local Rule. 230(c)); see also Hall v. Mortg. Invs. Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose ... on this basis serves as a concession[.]"); Singh v. Chiang, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328 *4 (C.D. Cal. Dec. 15, 2025) (construing the failure to address an argument as conceding the argument). Based on this lack of opposition, the undersigned recommends granting the § 2241 petition.

Additionally, Petitioner is entitled to relief based on the undisputed allegations in the petition and prior decisions on indistinguishable facts. Petitioner had a liberty interest in

---

[1] The digital audio recording docketed on November 17, 2026 cut off before the IJ reached a decision. ECF No. 6. Therefore, the Court does not have any record evidence of the basis for the IJ's decision.

remaining free from detention based on the ten-year period of time in which his asylum application has been pending and during which he was left at liberty. Oliveira Tinoco v. Albarran, et al., No. 1:26-cv-05505-DC-CKD (HC); 2026 WL 2949219, at *5-6 (E.D. Cal. Oct. 1, 2026) (holding that "where… a noncitizen builds a life in the United States after being granted entry pursuant to a visa—such that the government was not only aware of but approved of the noncitizen's initial presence in the country—that noncitizen develops a vested liberty interest in remaining free from detention when the government does not act to detain the noncitizen pursuant to 8 U.S.C. § 1227(a) and § 1226(a) within a reasonable time following the expiration of their nonimmigrant status); Gagik T. v. Chestnut, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *4 (E.D. Cal. June 25, 2026); Kalkan v. Chestnut, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026), appeal dismissed, No. 26-3277, 2026 WL 2446315 (9th Cir. June 18, 2026). Therefore, he was entitled to a pre-deprivation hearing prior to his arrest by ICE. Id. Courts have ordered this remedy even when, as here, the petitioner received a post-deprivation hearing pursuant to § 1226(a). See Oliveira Tinoco, 2026 WL 2949219, at *6 (questioning "the adequacy of the post-deprivation process ... in the face of a constitutional due process challenge," and finding second Mathews factor favored the petitioner); Giancarlo A.M., 2026 WL 2836725, at *3 ("The subsequent custody redetermination hearing provided to Petitioner does not cure detention that has been unlawful from its inception."); Charan S., 2026 WL 1144158, at *6 (E.D. Cal. Apr. 28, 2026) (same). Respondent violated Petitioner's due process rights when they detained him absent sufficient pre-deprivation process. Therefore, Petitioner is entitled to habeas relief in the form of his immediate release from immigration detention.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner ANDREY GENNADYEVICH VODIK (A#209-050-970) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. Respondent shall file a Notice of Compliance with the above provisions within 3 days from the date of this order.

5. The Clerk is directed to serve the Mesa Verde Detention Facility with any order for release.

6. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

7. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

8. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE